UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JOSEPH BREITFELDER,**                     CASE NO. C-1-01-617
     **PLAINTIFF**                                (BECKWITH, J.)
                                             (HOGAN, M.J.)

**V.**

**SIMON L. LEIS, ET AL.,**
     **DEFENDANTS**

**ORDER**

An informal discovery conference was conducted on July 29, 2003 by telephone. The dispute involves the question of which party should pay the fees for Drs. Shapiro and Jobalia, two of Plaintiff's treating physicians. The fees charged by the two are $1,000 and $700 per hour, respectively. Defendant argues that neither is an expert witness within the contemplation of Rule 702, Federal Rules of Evidence, and denies any obligation to pay either physician's fees. Plaintiff's position is that the contemplated deposition of the two doctors will not deal with their diagnosis or the course of their treatment, but other causes of Plaintiff's difficulties, a subject that will require more preparation than simply describing what the doctors did and how Plaintiff responded.

Simple fairness would indicate that the person who is requesting the time and attention of the physician and who will profit from the information provided should pay a reasonable rate for the services. On the other hand, the legal profession should not serve as a cash cow for doctors frustrated by managed care limitations. The opinions of this Court notwithstanding, Defendant could simply issue a Rule 45 subpoena for either physician and compel his presence at a deposition. Should the doctor refuse or otherwise fail to appear, the Court could make the appropriate order after considering all the circumstances, one of which would be the sufficiency of notice, whether a surgical schedule would be interrupted, etc.

The Court delayed decision on the pending dispute in order to permit the parties to

compromise their differences.  An excellent source on how to accomplish that is the <u>Standards of Practice Governing Attorneys and Physicians</u>, a joint effort of the Cincinnati Bar Association and the Academy of Medicine, to which both counsel were referred.  Having failed to accomplish that task, the Court resolves the issue as follows.  The Court encourages both doctors to reduce their hourly rates to $350 per hour and also encourages Defendant to pay them at that rate.  Should either, or neither, physician choose to follow this Court's suggestion, Defendant may issue a subpoena in accordance with Rule 45 and compel the attendance of Drs. Shapiro and Jobalia.  The subpoena will provide notice of at least two weeks and prior to its issuance, counsel for Defendant will make a prior contact with each doctor's office so that the date and time for each doctor's deposition will not interfere with patient care.

IT IS SO ORDERED.


September 4, 2003                              s/Timothy S. Hogan
                                               Timothy S. Hogan
                                               United States Magistrate Judge