UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH BREITFELDER : CASE C-1-01-617
    Plaintiff : JUDGE BECKWITH
v. :
: **PLAINTIFF'S SURREPLY**
SIMON LEIS, et al. :

Now comes Plaintiff Joseph Breitfelder, by and through counsel and who presents the following argument in response to Defendants' Reply to Plaintiff Response to Defendants' motion for summary judgment:

I. **SURREPLY**

The Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment further demonstrates that material issues of fact remain in this case which preclude the granting of Defendants' Motion for Summary Judgment. Defendants argue that Mr. Brietfelder is not otherwise qualified, because both Plaintiff and medical experts articulate that Mr. Brietfelder was unable to perform the light duties, which are required of a desk-only patrol clerk having no contact with prisoners. This assertion is flatly wrong.. The Defendants argue that "the Sheriff's office was attempting to accommodate Mr. Brietfelder by getting him back to work in a desk-only light duty position having no contact with prisoners. However, Mr. Brietfelder refused the offer, and in fact, medical experts later opined that light duty was not possible."

The Plaintiff disputes the Defendants' assertion that he was ever offered a desk-only position, which did not involve prisoner contact. The Sheriff vacillates about what the light duty position of patrol clerk truly entails. In the Defendants' Reply, the Sheriff maintains that

the light duty position of patrol clerk offered to Mr. Brietfelder did not involve Mr. Brietfelder handling prisoners, yet, at the time that Plaintiff was offered the position of patrol clerk and at the time medical opinions were requested, the Sheriff implicitly and explicitly provided that the position of light duty patrol clerk did require Mr. Brietfielder to handle prisoners. And that is exactly what the job description required. (Exhibit 13).

When the Sheriff offered the position to Mr. Brietfelder, the Sheriff <u>never</u> conveyed to Mr. Brietfelder that he would not be required to handle prisoners, or that he would be exempt from the other qualifications of a patrol clerk.. The job description for patrol clerk articulates the essential duties, including an arrest requirement, "the ability to drag an average adult out of a jail cell, the ability to break up fights and gain physical control of persons in custody and the ability to fire a service weapon." (Exhibit 13). [1]

The Sheriff admitted that Mr. Brietfelder was reassigned to the Road Patrol Division without any prior discussion that transfer with Mr. Bietfielder, or explaining to him that he would be exempted from some of the job requirements. (Exhibit 14, Response to Request #5). When asked whether he even made it clear to Mr. Brietfielder that he would not be expected to handle inmates, the Sheriff replied that " He (Mr. Brietfelder) would have been doing strictly paperwork and answering the telephone." (Exhibit 6, Depo p. 17).

Mr. Brietfielder <u>had in fact,</u> been in the position of patrol clerk and he knew that as patrol clerk he would be required to handle prisoners and defend himself. (Exhibit 10, p. 96; Exhibit 11, p 269). At no time was Mr. Brietfielder informed that as a patrol clerk on light duty, he was not expected to handle prisoners. Without being informed about the lessened expectations of him as patrol clerk, Mr. Breitfielder declined the reassignment to the position of patrol clerk.

---

[1] References are to Exhibits from Plaintiff's Response to Defendants' Motion for Summary Judgment.

2

If Mr. Brietfielder had been informed that the position of patrol clerk did not require him to handle prisoners or require him to defend himself against prisoners as the Defendant now so argues, Mr. Brietfielder's response to being reassigned to Patrol Clerk may have been different. Had he known that he would be reasonably accommodated in the position of Patrol Clerk, Mr. Brietfelder could have done the job. In fact, he could perform some computer related work. (Exhibit 1, ¶ 29). There is a material issue of fact as to whether Mr. Brietfielder was a offered light duty position of patrol clerk that did not require handling prisoners, or any of the other requirements for patrol clerk that Plaintiff clearly could not do.

The Sheriff's Department further buttresses its argument that Mr. Brietfeilder is not otherwise qualified with medical experts' opinion. However, the Sheriff has never asked a medical expert whether Mr. Brietfielder was capable of holding a "desk-only position having no contact with prisoners." Like the Plaintiff, the medical experts were also informed that the light duty position of patrol clerk involved contact with prisoners and other physically demanding requirements. When the Sheriff's Department requested Drs. to complete a report about whether Mr. Brietfielder could perform the light duties of patrol clerk, the Sheriff described the position as including in pertinent part, "employee must be able to maintain control of self and others during critical and crisis situation, employee must be able to physically break up fights, and be able to gain physical control over person in custody." (Exhibit 13). The only essential duties excluded from the light duty Patrol Clerk position were the requirement for meeting agility tests and endurance to run a 1.5-mile. (Id). The Sheriff asked the doctors' opinion of whether Mr. Brietfielder could hold a position that required in part handling prisoners and the doctors said "no". The Defendant is attempting to take that negative response and apply to a different question, the question of whether Mr. Brietfieder is capable of handling a desk-only

3

position having no contact with prisoners. This a misapplication of the doctors' opinions and the facts in the record.

An issue of material still exists as to whether the transfer to the position of patrol clerk was in fact a light-duty position involving no contact with prisoners and whether this information was ever conveyed to Mr. Brietfelder and medical experts. Mr. Brietfielder's objection to being transferred to a patrol clerk position was based on his knowledge of the position and its essential duties. Doctors concluded that Mr. Brietfelder could not perform the duties of the patrol clerk position, but they were never given a true description of what was expected of a person in a desk-only light duty position. There is no fact in the record to suggest that such a position exists at the Hamilton County Sheriff's Department, except in the mind of the Sheriff himself. And he shared it with no one. All the doctors had to go on was the official position description, which required physical tasks beyond Mr. Brietfelder's capabilities.

It is implausible that the Defendants can argue that Mr. Brietfielder "refused the offer and in fact, medical experts later opined that light duty was not plausible," when no one was informed that the "desk-only light duty position" did not include handling prisoners. Mr. Brietfielder cannot refuse a job that he was never offered; he was never offered a position that did not require having no contact with prisoners. Medical experts were never asked if Mr. Brietfelder could handle a desk-only position having no contact with prisoners; therefore, how can the Defendants argue that the medical experts can attest to Mr. Brietfielder not being otherwise qualified?

Finally, it cannot be insignificant that the Sheriff has believed from the beginning that Plaintiff was faking his injuries:

A. (By Sheriff Leis): I think Mr. Brietfelder and his claimed injury is a fraud...from the very

4

beginning and up to this point, I—I think it's a fraud. The problem started when he was having a major problem with his wife, when his wife walked out on him. That's when all these problems developed." Exhibit 6, at deposition pages 22-23.

Under these circumstances, it is logical to infer that the Sheriff would not offer a reasonable accommodation to someone he believed to be faking an injury. That would also explain why there is no evidence in the record of the so-called "light duty patrol clerk" position claimed. Instead of accommodating Plaintiff, the Sheriff clearly wanted Mr. Brietfelder out of the Sheriff's Department and made certain <u>not</u> to offer him any reasonable accommodation. Any claim to the contrary is clearly a question of material fact for a jury to determine.

                Respectfully submitted,

                <u>/s/ Lucian Bernard</u>

                Lucian Bernard (0047159)
                Counsel for Plaintiff

                Pearson & Bernard, PSC
                1224 Highway Avenue
                Covington, KY  41012
                (859) 655-3700
                (859) 655-3703 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that a true and accurate copy of the foregoing was served upon, Stephen Shaw and Susan Gertz, counsel for Defendants Leis and Hamilton County at 230 Ninth St., Suite 4000, Cincinnati, OH 45202-2151, this 12th day of January, 2004.

                                  /s/ Lucian Bernard