# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH BREITFELDER, | : | Case No. C-1-01-617 |
| | : | |
| Plaintiff | : | Judge Beckwith |
| | : | Magistrate Hogan |
| vs. | : | |
| | : | |
| HAMILTON COUNTY SHERIFF | : | COUNTY DEFENDANTS' |
| SIMON L. LEIS, JR., et al. | : | MEMORANDUM IN OPPOSITION |
| | : | TO PLAINTIFF'S MOTION FOR |
| Defendants | : | LEAVE TO FILE A SURREPLY TO |
| | : | DEFENDANTS' MOTION FOR |
| | : | SUMMARY JUDGMENT |

Now comes Defendant Simon L. Leis, Jr., Hamilton County Sheriff, John Dowlin, Hamilton County Commissioner, Todd Portune, Hamilton County Commissioner, and Phil Heimlich (successor to Tom Neyer, Jr.), Hamilton County Commissioner, in all capacities sued [hereinafter "County Defendants"], by and through counsel, and hereby submit the following Memorandum in Opposition to Plaintiff's Motion for Leave to File a Surreply to Defendants' Motion for Summary Judgment.

        Respectfully submitted,

        MICHAEL K. ALLEN
        PROSECUTING ATTORNEY
        HAMILTON COUNTY, OHIO

        /s/ Susan Marie Gertz, 0065319
        Stephen K. Shaw (0018652)
        Trial Attorney
        Susan Marie Gertz (0065319)
        Assistant Prosecuting Attorneys
        Hamilton County, Ohio
        230 E. Ninth Street, Suite 4000
        Cincinnati, Ohio 45202

DDN: (513) 946-3071 (Shaw)
DDN: (513) 946-3027 (Gertz)
FAX:  (513) 946-3018
ATTORNEYS FOR COUNTY DEFENDANTS

## **MEMORANDUM**

After making an untimely attempt to file a memorandum in opposition to the County Defendants' motion for summary judgment, Plaintiff now attempts to reach beyond the scope of the Local Rules of this Court in order to grab yet another opportunity to respond to the County Defendants' original motion. Southern District Local Rule 7.2(a)(2) provides that memoranda in opposition to motions be served and filed within twenty-one (21) days from the date shown in the Certificate of Service of the motion. Plaintiff failed to timely file and serve said memorandum. The same rule provides that a reply memorandum be filed and served within eleven (11) days from the date shown in the Certificate of Service of the memorandum in opposition. The County Defendants complied as such. Finally, Rule 7.2 provides that *"No additional memoranda beyond those enumerated will be permitted, except upon leave of court for good cause shown."* Plaintiff fails to demonstrate that there is good cause for this Court to grant him leave to file a "Surreply".

First, Plaintiff had more than ample opportunity to address the issues he raises in his proposed Surreply in his (untimely) filed "Response" to the County Defendants' Motion for Summary Judgment, however, Plaintiff failed to do so. Second, the assertions contained in the Surreply are directly contradictory to the undisputed evidence proffered in this case, and as such, are arguably intended to confuse the issue and fabricate some dispute as to material facts where none exists.

In his Surreply, Plaintiff attempts to establish a dispute as to material facts by suggesting that he was never offered a light-duty desk only position which would involve no contact with prisoners, when he was, supposedly, qualified to perform such work with reasonable accommodation. He submits, at page 3 in his memorandum supporting his motion for leave to file a Surreply that *"The Sheriff's Department further buttresses its argument that Mr. Breitfelder is not otherwise qualified with medical experts' opinion. However, the Sheriff has never asked a medical expert whether Mr. Breitfelder was capable of holding a 'desk-only position having no contact with prisoners.'*  [Emphasis added.] This is a blatantly false statement. In fact, and as memorialized in the letter of Sheriff's Counsel Gail Wright[1] (which was included verbatim in the County Defendants' Reply to Plaintiff's Response to the original motion), the County Defendants DID inquire of medical experts as to whether Mr. Breitfelder was qualified for said work:

> "At this meeting, Mr. Breitfelder raised concerns of his ability to return to work in even a limited duty capacity. **Mr. Breitfelder stated he was on a medication called Vicodin (spelling I am not sure is correct), and that the drug caused him vomiting and extreme drowsiness. The Sheriff's Office would like to know, if we place Mr. Breitfelder in a desk-only position with no contact with prisoners, would he be able to perform those functions. I understand the Fitness for Duty form you completed indicates Mr. Breitfelder could perform these functions. However, my concern is the medication he is on and its side effects as described by Mr. Breitfelder."** [Emphasis added.]

As reiterated in the previous filings of the County Defendants, the medical experts responded that Mr. Breitfelder was not capable of light duty work, including work which would involve no contact with prisoners. In other words, he was not qualified to perform even in a light duty

---

[1] See followup letter to Mr. Breitfelder's treating physicians, Drs. Koppenhoefer and Roberts, written by Ms. Wright on November 20, 1999.

capacity. Mr. Breitfelder could not work, period. Rhetorically speaking, the hands of the County Defendants were tied.

While the County Defendants lament having to belabor the issue herein before this Court in yet another written response, it is imperative that this Court be made aware of the stark contradictions that Plaintiff seeks to fabricate into an issue of material fact by virtue of the filing his proposed Surreply. The Plaintiff fails to provide a valid reason in his motion for leave to file as to why the arguments and the "evidence" he is now raising at the eleventh hour in his proposed Surreply were not raised in his Response to the motion. Thus, not only is the filing of this Surreply unjustified due to lack of good cause shown, it is also a bold attempt to misrepresent the facts of this case and the evidence now before this Court, as shown herein. As such, the County Defendants respectfully request that this Court deny Plaintiff's Motion to File a Surreply to the County Defendant's Reply.

    Respectfully submitted,
MICHAEL K. ALLEN
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ Susan Marie Gertz, 0065319
Stephen K. Shaw (0018652)
Trial Attorney
Susan Marie Gertz (0065319)
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202
DDN: (513) 946-3071 (Shaw)
DDN: (513) 946-3027 (Gertz)
FAX: (513) 946-3018
ATTORNEYS FOR COUNTY DEFENDANTS

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 14, 2004, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Lucian Bernard, Esq., and I hereby certify that I have mailed by United States Postal Service the document to the following nonCM/EDG participants:

  Lucian Bernard, Esq.     .
  Attorney at Law
  1224 Highway Avenue
  Covington, Kentucky 41012

              /s/ Susan Marie Gertz (0065319)

              Susan Marie Gertz (0065319)
              Assistant Prosecuting Attorney
              sgertz@prosecutor.hamilton-co.org