**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH BREITFELDER | : | Case No. C-1-01-617 |
| Plaintiff | : | JUDGE BECKWITH |
| vs. | : | MAGISTRATE HOGAN |
| HAMILTON COUNTY SHERIFF | : | **COUNTY DEFENDANTS'** |
| SIMON LEIS, et al. | : | **MEMORANDUM IN OPPOSITION** |
| | : | **TO PLAINTIFF'S MOTION FOR** |
| Defendants | : | **RECONSIDERATION** |

Plaintiff asks this court, four months after its ruling and 14 days after his payment is due, to reconsider the Court's ruling on defendant's motion for payment of the cancellation fee caused by his second failure to appear for an independent medical examination.

FACTS

Defendants first scheduled Mr. Breitfelder for an IME on February 25, 2003. This was orally confirmed by Carolyn Blocksom, paralegal for the Hamilton County Prosecuting Attorney on February 13, 2003 with Mr. Bernard. (Affidavit of Carolyn Blocksom attached to Motion for Order to Appear for IME, Doc. No. 24.) On February 14, Stephen K. Shaw contacted Mr. Bernard to confirm the appointment and to discuss the case. This call was not returned. On February 18, 2003 a notice of the appointment was mailed to counsel for plaintiff after Ms. Blocksom confirmed the appointment with Mr. Bernard or his office. Mr. Shaw overheard Ms. Blocksom confirm the appointment with someone at Mr. Bernard's office. Apparently, plaintiff's counsel was out of town when the February 18 letter arrived and no one in his office responded to either the notice or the letter confirming the appointment. On February 25, plaintiff

-1-

did not appear for the scheduled examination. Plaintiff's counsel claimed that he did not receive the notice until February 25 because he had been out of town. He denied that Ms. Blocksom confirmed the appointment with him.

However, in a telephone call after the failure to appear, Mr. Bernard indicated that his client may not be willing to appear for an IME. Mr. Shaw's fax dated March 7, 2003 (Exhibit A) confirmed this conversation and reflected defendant's willingness to waive the cancellation fee if Mr. Breitfelder would voluntarily appear for the IME.

As a result, the appointment was rescheduled in March to take place on April 9, 2003 at 9:00 AM.. This was confirmed by a notice on March 13, 2003 (Exhibit B) <u>and</u> by a letter on April 1, 2003 (Exhibit C). In the afternoon of April 3, Miss Gertz mistakenly confirmed the appointment for April 8. This was immediately corrected via a telephone call the next morning and confirmed by letter on April 4. Later on April 4, Mr. Bernard called to advise that his client was not available to appear at that time and date as Mr. Breitfelder had to be in Court. He attempted to excuse his late notice by claiming that they relied on the one letter that was incorrect, as opposed to the prior Notice of Independent Medical Examination and the reminder letter sent on April 1, 2003. He again claims in his most recent motion that this April 3 letter was the cause of his inability to attend the independent medical examination. It is difficult to imagine that a required court hearing happened to get scheduled on the afternoon of April 3, causing plaintiff and his attorney to rely solely on the letter of that date.

As a result of the late cancellation, Dr. Manges charged a cancellation fee of $250.00. This second cancellation fee has been paid by the defendant. It is this second cancellation fee that the plaintiff was ordered to pay.

-2-

The difficulties continued. On April 7 the IME was rescheduled to April 10 at 9:00AM. On April 9, Mr. Bernard called to change the time to 10:00 AM. Then, after Mr. Breitfelder finally appeared for his examination, he announced after lunch to the medical staff that he had to leave at 2:30 PM. (His attorney had been advised in the letters that the examination would require the entire day.) He gave no reason. Thus, the examination had to be rescheduled to be finished at a later date.

ARGUMENT

This Court had the correct facts at the time it ruled on Defendant's motion. Mr. Breitfelder's late motion for reconsideration should be rejected. He is in contempt of court for failure to pay the fee and the attorney fees as ordered by this court, and this late attempt to change the court's mind does not change that fact. As the Defendant's motion for contempt reflects, Mr. Bernard was twice reminded of the Court's order and he failed to take any action to pay the amount due or to obtain a modification of the order. Defendant has now been required to file two additional memoranda and expend considerable time reconstructing the facts and the time line as a result of the plaintiff's conduct in reference to this issue. As the above discussion reflects, Mr. Breitfelder and his counsel have been uncooperative and have caused the expert and counsel inconvenience and aggravation. This defendant has expended $500.00 in late fees due to Mr. Bernard's or Mr. Breitfelder's failure to communicate or be responsive to the scheduled appointments.

Significantly, Mr. Bernard was offered the opportunity to mitigate the effect of this Court's order by the defendant's gratuitous offer to forego the attorney fee claim. The defendant's reward for that act of kindness is the plaintiff's Motion for Reconsideration and the

use of that offer of resolution as a sword against the defendant. As Defendant's motion for contempt indicates, that offer was withdrawn when plaintiff's failure to respond to the offer caused defendant to have to pay the late charge and prepare and file its motion for summary judgment.

For the reasons stated, plaintiff's motion for relief is too late. It was filed 13 days after plaintiff was required to pay the fees. It has no basis in law or fact. Plaintiff had notice of the examination, plaintiff was aware that the expert charges a cancellation fee due to his earlier failure to appear, and plaintiff's excuse is not credible. This court's original ruling was correct, and plaintiff has no right to a reversal of that order. In fact, plaintiff should be sanctioned for failing to pay the fees as ordered by the Court.

Respectfully submitted,

 /s/ Stephen K. Shaw
Stephen K. Shaw, (0018652)
Susan Marie Gertz, (0065319)
Assistant Prosecuting Attorneys
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202
513/ 946-4000 - Telephone
513/946-3018 - Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been filed with the Court via the CM/ECF Electronic filing system and a copy will be electronically e-mailed to the following counsel of record on this 20th day of January, 2004.

Lucian Bernard, Esq.
Attorney at Law
1224 Highway Avenue
Covington, Kentucky 41012

                                           /s/ Stephen K. Shaw
                                          Stephen K. Shaw (0018652)
                                          Assistant Prosecuting Attorneys